## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GARY FITZWATER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:07CV36 FRB |
| AL LUEBBERS, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Fitzwater's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1]. The petition is untimely and will be summarily dismissed.

On July 16, 2004, petitioner pled guilty to one count of first degree manslaughter. On September 24, 2004, the state court sentenced petitioner to five years imprisonment. Petitioner did not appeal his sentence, and petitioner failed to file a timely motion pursuant to Mo. R. Crim. P. 24.035 (Correction of Conviction After Guilty Plea).

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Francois County, Missouri, on September 27, 2006. The state court dismissed the petition on November 20, 2006, because it was barred as a result of petitioner's failure to timely file a Rule 24.035 motion. Petitioner, currently incarcerated at Farmington Correctional Center, filed the instant petition on January 10, 2007.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Crim. P. 30.01(d). As a result, the one-year period of limitations under § 2244(d)(1)(A) expired on or about October 8, 2005. In addition, none of the circumstances listed in § 2244(d)(1)(B)-(D) apply to the instant

2

petition. As a result, the petition is untimely and is barred by § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that Fitzwater's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2007.